### DARLING BABY PRODUCTS CORPORATION v. WEARITE SPECIALTY CO., Inc.

District Court, S. D. New York.

April 5, 1943.

Henry L. Burkitt, of New York City, for plaintiff.

Abraham L. Stone, of New York City (A. H. Rockmore, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This action was commenced April 24, 1941. The complaint is verified by A. S. Lazarus, President of the plaintiff corporation. The action arises under the trade-mark laws involving alleged infringement of the trade-mark "Darling Baby" registered under the laws of the United States, issued to plaintiff under date of October 1, 1940, and bearing registration No. 381,570.

The solicitor for the plaintiff moves for an order granting permission to serve and file a supplemental complaint verified by Morris Levy, Secretary of Darling Baby Products Corporation, and A. S. Lazarus & Co., Inc.

The proposed supplemental complaint makes no change in the title of the action, but alleges that on or about the 16th day of July, 1942, by an instrument in writing, recorded in the U. S. Patent Office on the 6th day of August, 1942, A. S. Lazarus & Co., Inc., acquired all right, title and interest of Darling Baby Products Corporation, in and to the trade-mark set forth in registration No. 381,570, together with the good will of the business of Darling Baby Products Corporation, in connection with which said trade-mark was used.

In the supporting affidavit of Mr. Levy, annexed to the moving papers, it is averred that plaintiff was incorporated merely to act as a "conduit" for A. S. Lazarus & Co., Inc., and through some "misunderstanding" of

the general attorney, Darling Baby Products Corporation, filed application for the trade-mark in issue when in fact said trade-mark should have been reserved to the proposed plaintiff.

This situation was not disclosed until the defendant's application to examine the plaintiff before trial.

Rule 25(c), Federal Rules of Civil Procedure provides:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

All that the proposed supplemental complaint alleges is that the proposed substituted plaintiff has an assignment of the claimed trade-mark with the attendant good will and the right to demand acquittance for infringement after July 16, 1942. There is no allegation or express statement that the assignment carries with it the right to recover damages or profits arising from an alleged infringement of the trade-mark prior to July 16, 1942.

Motion denied without prejudice. If the plaintiff Darling Baby Products Corporation, has a cause of action, it may recover up to the making of the assignment to A. S. Lazarus & Co., Inc. Any cause of action after that date would enure to the benefit of the latter. It is the province of counsel for the plaintiff to determine whether to bring an independent action in the name of the assignee and, after issue joined, seek a consolidation or further amendment supplying the deficiency above indicated. Settle order on notice.